**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maurice Xavier Hollins, | No. CV-24-08179-PCT-DLR |
| Petitioner, | No. CR-20-08083-PCT-DLR |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Eileen S. Willett (Doc. 26) regarding Movant's "Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" ("the Motion") (Doc. 15). The R&R recommends that the Court deny relief without an evidentiary hearing. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (Doc. 26 at 14.) Movant filed an objection to the R&R on July 7, 2025 (Doc. 27), Respondent filed its response on July 21, 2025. (Doc. 28.) The Court has considered the objections and for the following reasons overrules them all.

## I. Standard of Review

Pursuant to Federal Rule of Civil Procedure 72(b)(2), a party objecting to a Magistrate Judge's R&R must state "specific written objections to the proposed findings and recommendations." The Court must then "determine de novo any part of the magistrate

judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). General objections are insufficient. "The Court is relieved of any obligation to review a general objection to the R&R." *McDowell v. Richardson*, No. CV-11-0716-PHX-DGC, 2012 WL 393462, at *2 (D. Ariz. Feb. 7, 2012); *see also Martinez v. Shinn*, No. CV-19-04481-PHX-DGC-ESW, 2020 WL 6562342, at *2 (D. Ariz. Nov. 9, 2020) ("Because de novo review of the entire R&R would defeat the efficiencies intended by Congress, a general objection has the same effect as would a failure to object.") (internal quotation marks and citation omitted).

## II.    Discussion

### A.    Objection 1

Movant's first objection is that he is entitled to an evidentiary hearing on Ground One to determine if his counsel was ineffective for failing to seek a competency evaluation. (Doc. 27 at 1–3.) Movant argues that because it is disputed whether he was competent to accept the plea, an evidentiary hearing is required. (*Id.* at 3.) The R&R correctly found that the record is sufficiently developed, and an evidentiary hearing is unnecessary for resolving this matter.

A court must grant an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). "On federal habeas, a [movant] is 'entitled to an evidentiary hearing on the issue of competency . . . if he presents sufficient facts to create a real and substantial doubt as to his competency.'" *Boyde v. Brown*, 404 F.3d 1159, 1166 (9th Cir. 2005) (quoting *Boag v. Raines*, 769 F.2d 1341, 1343 (9th Cir. 1985)). Courts "disfavor retrospective determinations of incompetence, and give considerable weight to the lack of contemporaneous evidence of a [movant's] incompetence to stand trial." *Williams v. Woodford*, 384 F.3d 567, 608 (9th Cir. 2004). Accordingly, "defense counsel's opinion" can be "especially relevant." *See id.*; *see also Medina v. California*, 505 U.S. 437, 450 (1992) ("defense counsel will often have the best-informed view of the defendant's ability to participate in his defense").

- 2 -

The R&R relies on the declaration of Movant's trial counsel and the Magistrate Judge's interactions with Movant at the change of plea and sentencing hearings to reject Ground One and finds Movant's reliance on Dr. Steven Cody's February 2025 evaluation "unavailing." (Doc. 26 at 8.) The R&R notes that retrospective competency determinations are entitled to little weight, that Dr. Cody's evaluation relied on self-reporting from Movant that contradicts sworn statements from Movant and Movant's trial counsel, and that Dr. Cody's findings do not establish incompetence. (*Id.* at 8–9.)

The Court agrees. In this case, Dr. Cody's retrospective evaluation does not "create a real and substantial doubt as to [Movant's] competency" when considered in light of the evidence contemporaneous to the guilty plea. *Boyde*, 404 F.3d at 1166–67 ("Given the abundant evidence that [movant] was competent to stand trial, [a doctor's] retrospective assertion to the contrary does not provide a substantial basis for questioning [movant's] competence."). Additionally, Movant, in his objection, does not identify any relevant facts that were not presented and need to be presented at an evidentiary hearing. *See Williams*, 384 F.3d at 607 ("[Movant] fails to identify any relevant facts that he was unable to present due to his inability to elicit oral testimony."). Movant's first objection is overruled.

**B.    Objection 2**

Movant's second objection is that the R&R denied Grounds Two and Three without properly considering the effect of counsel failing to advise a client with cognitive disabilities about sex offender registration and civil commitment. (Doc. 27 at 3–6.) Movant argues that the R&R interprets *Padilla v. Kentucky*, 559 U.S. 356 (2010) too narrowly.

The Ninth Circuit recognizes that courts "have long distinguished direct and collateral consequences in the context of guilty pleas." *United States v. Hollins*, 70 F.4th 1258, 1262 (9th Cir. 2023). The Ninth Circuit has determined that sex offender registration and civil commitment are "textbook examples" of collateral consequences of a guilty plea rather than direct consequences. *Id.* at 1262–63. *Padilla* held that "counsel must inform her client whether his plea carries a risk of deportation." 559 U.S. at 374. *Padilla* "did not eschew the direct-collateral divide across the board" but rather recognized "the special

'nature of deportation'—the severity of the penalty and the 'automatic' way it follows from conviction—to show that '[t]he collateral versus direct distinction [was] ill-suited' to dispose of Padilla's claim." *Chaidez v. United States*, 568 U.S. 342, 355 (2013) (quoting *Padilla*, 559 U.S. at 366).

Movant attempts to use the reasons for deportation's special nature as factors to assess whether other collateral consequences of a guilty plea should be removed from the direct-collateral divide. But the Ninth Circuit has already decided—in Movant's direct appeal—that sex offender registration and civil commitment do not have the same special nature as deportation. "Geographic restrictions and community notification are simply not on par with the severity of deportation. Civil commitment, while comparatively more severe, is not an automatic consequence of conviction; a sex offense conviction is not itself sufficient to render a defendant subject to commitment." *Hollins*, 70 F.4th at 1264. Movant's second objection to the R&R is overruled.

### C.   Objection 3

Movant's third and final objection to the R&R is that Ground Four, his due process claim, is not procedurally barred. (Doc. 27 at 6–7.) Movant argues that the due process claim required the development of a record because Dr. Cody's evaluation was not available at the time of Movant's direct appeal. (*Id.* at 7.) In general, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) ("A § 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default.").

To demonstrate his lack of competence, Movant relies in part on the presentence report and psychosexual report—both of which were available at the time of his direct appeal. Movant argues that taken "alone" both reports "raised numerous red flags" and showed "sufficient indicia" that he lacked competence. (Doc. 15 at 7, 15). Thus, although Dr. Cody's evaluation, which is potentially helpful to Movant, was not available at the time

of his direct appeal, sufficient relevant information was available. Movant has not established cause or prejudice to excuse not raising this claim in his direct appeal. Accordingly, Ground Four is procedurally barred and Movant's third objection to the R&R is overruled.

**IT IS ORDERED** that Movant's Objections (Doc. 27) to the R&R are **OVERRULED**, and the R&R (Doc. 26) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis are **DENIED** because Movant has not made a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** that Movant's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 15) is **DENIED**. The Clerk of the Court shall enter judgment accordingly and terminate this action.

Dated this 22nd day of April, 2026.

Douglas L. Rayes
Senior United States District Judge